CANDLER *v.* PETTIT, IMPLEADED WITH OTHERS.

Where several exceptions are taken to an answer, allowed by the master, a single exception to the report insisting upon the sufficiency of the answer generally, cannot be sustained, if any of the exceptions to the answer are well taken.

THIS cause was heard on exceptions to the master's report allowing exceptions to an answer for insufficiency. The facts on which the case was decided, appear in the opinion of the court.

*R. Sedgwick* and *D. D. Field,* for complainant.

*G. Brinckerhoff,* for defendant.

THE CHANCELLOR:—If various exceptions are taken to an answer, and allowed by the master, a single exception to the report insisting upon the sufficiency of the answer generally, cannot be sustained, if any of the exceptions to the answer are well taken. (*Hodges* v. *Salomons,* 1 Cox. Cas. 249.) If the defendant wishes to have the master's report reviewed as to particular exceptions alleged to have been improperly allowed, he should except to the report in those particulars, and not compel the court to go over the whole answer.

[*428]    *The exception to the master's report in this case insists upon the sufficiency of the answer generally. Without going through the various exceptions to the answer, I am satisfied that many, if not all of them, are well taken. The question whether the debts and choses in action and stock of the defendant can be reached by the process of this court, if it has not been fraudulently placed out of the reach of an execution at law, does not properly arise on this exception to the master's report. My opinion on that question was distinctly expressed on the motion for an injunc-

tion in this cause. But whether such relief can be granted or not, this answer is insufficient in many particulars. It is true the defendant denies all fraud, but the complainant has a right to a discovery of the manner in which he has disposed of his property, to enable the court to see whether it is fraudulent, as well as to enable the complainant to sustain the allegations in his bill by testimony. The question as to what relief the court has power to give, will again arise on the final hearing, when all the facts are before the court; and if the defendant is not then satisfied with the decision, he will have an opportunity to bring the whole subject before the court of *dernier* resort. But I have no reason to believe that court will ever abandon the broad ground taken by it in *Hadden* v. *Spader*, (20 John. Rep. 554,) especially since the legislature have expressly sanctioned the principles recognized by Chief Justice Spencer and Judge Woodworth, in that case, by incorporating them into the Revised Statutes. R. S. part 3, ch. 1, tit. 2, art. 2, sec. 38, 39, and revisor's note to sec. 35, as originally reported.)

The exception to the master's report must be overruled, and the defendant Pettit must pay the costs of the original exceptions and the subsequent proceedings, and put in a further and perfect answer to the complainant's bill within twenty days.